JS - 6  LINK: 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

<u>**ORDER RE: MOTION TO DISMISS**</u>

**I.
INTRODUCTION AND BACKGROUND**

    Plaintiff and putative <u>qui tam</u> relator Charles M. Stovall brings this action against his former employer, McCrometer, Inc. ("McCrometer") and McCrometer's parent company, Danaher, Inc. ("Danaher"), asserting a number of claims arising out of Defendants' purported scheme to defraud the United States. Stovall brings claims under the Federal and California False Claims Acts, a Federal False Claims Act retaliation claim, and state law claims, alleging that Defendants threatened, harassed, discriminated against, and eventually terminated him as a result of his discovery that McCrometer was selling fraudulent water meters.

    Defendant McCrometer designs, manufactures and sells the "best selling irrigation meter in the United States"; Defendant Danaher is McCrometer's parent company. (Docket No. 58, Second Am. Compl. ("SAC") ¶ 2.) Stovall is a former Senior Embedded Systems Engineer for McCrometer, who was working as "Technical Lead" on three major projects at the time of his constructive termination. (<u>Id.</u> ¶ 10.) In that capacity, Stovall ensured design compliance with applicable standards and codes; ensured reliability of electronic circuits in specified operating environments; and investigated production and quality problems. (<u>Id.</u> ¶ 11.)

    Stovall alleges that in the course of his job duties he discovered numerous and "serious" design problems in McCrometer's water meters. (<u>Id.</u> ¶ 12.) For unspecified reasons, he suspected that these problems were part of a fraudulent scheme, and reported them to his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

supervisors pursuant to company policy. (Id. ¶¶ 15–16.) Stovall alleges that his superiors at McCrometer repeatedly ignored his reports and/or instructed him to no longer speak to management about the alleged problems, and eventually terminated him in retaliation for bringing these fraudulent activities to light. (Id. ¶¶ 18–37.)

In previous iterations of his complaint, Plaintiff has sought to connect these alleged deficiencies or what he terms "fraud features" to various schemes by which he claimed McCrometer was defrauding the United States. However, Plaintiff's SAC does not draw any connection between the alleged design defects and any government fraud, instead focusing solely on the defects themselves and his related interactions with his supervisors. Stovall asserts three causes of action in the SAC, for violation of California Business and Professions Code section 12500.5; a retaliation claim under the Federal False Claims Act, 31 U.S.C. § 3730(h); and for intentional infliction of emotional distress. (Id. ¶¶ 44–64.)

The Court has previously dismissed Plaintiffs' original complaint and first amended complaint. (Docket Nos. 43, 57.) Now pending before the Court is Defendants' motion to dismiss the SAC. Because the Court concludes that Plaintiff has failed to cure the deficiencies outlined in its January 25 and April 3 Orders, the motion is **GRANTED**, and Plaintiff's federal claim is **DISMISSED with prejudice**. The state law claims are **DISMISSED** for lack of subject matter jurisdiction.

**II.
DISCUSSION**

**A. LEGAL STANDARDS UNDER RULE 12(B)(6)**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

JS - 6     LINK: 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

While a complaint generally need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. FEDERAL FALSE CLAIMS ACT RETALIATION CLAIM**

Plaintiff's second cause of action is brought under 31 U.S.C. § 3730(h), which provides for "relief from retaliatory actions" taken in response to activity protected under the Federal False Claims Act:

> (1) In general.— Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter.
>
> (2) Relief.— Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the

Case 2:11-cv-03192-GAF-MAN Document 67 Filed 05/31/12 Page 4 of 8 Page ID #:595

JS - 6   LINK: 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

Plaintiff alleges that while employed with McCrometer "he was engaged in protected conduct as that term is defined in . . . 31 U.S.C. § 3730(h)." (SAC ¶ 49.) Plaintiff alleges that he "would show that Defendants in their acts and/or practices subjected him to harassment, retaliation, discrimination and public humiliation, resulting in loss of promotions and wages, [and] which actions continue to date." (Id. ¶ 51.) Plaintiff alleges that "during his employment . . . [he] learned of the fraud perpetrated upon the Government by Defendants," and that "on several occasions, he requested officers and agents for Defendants to investigate, stop and report the fraud to the government." (Id. ¶ 52.) Defendants "not only failed and refused" to do so, but also "set about to obstruct [Plaintiff's] further efforts to gather information regarding all fraudulent activities, . . . harassed and discriminated against [Plaintiff], and undermined his credibility and personal and professional integrity and competence." (Id. ¶¶ 52–53.)

"[T]here are three elements the plaintiff must prove in any § 3730(h) claim: [1] the employee must have been engaging in conduct protected under the Act; [2] the employer must have known that the employee was engaging in such conduct; and [3] the employer must have discriminated against the employee because of her protected conduct." U.S. ex rel. Hopper v. Anton, 91 F.3d 1261, 1269 (9th Cir. 1996). Defendants contend that Stovall has pleaded insufficient facts to establish any of these elements, and thus fails to state a claim under § 3730(h). (Mem. at 9-12.) The Court agrees, and concludes that Stovall has not sufficiently alleged that he undertook "protected activities" within the meaning of that section.

Under § 3730(h), Plaintiff must have been engaged in acts "in furtherance of other efforts to stop 1 or more violations of [the False Claims Act]." 28 U.S.C. § 3730(h). While "[s]pecific awareness of the FCA is not required . . . the plaintiff must be investigating matters which are calculated, or reasonably could lead, to a viable FCA action." Hopper v. Anton, 91 F.3d at 1269 (citing Neal v. Honeywell Inc., 33 F.3d 860, 864 (7th Cir. 1994)). An employee engages in protected activity under the FCA where "(1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing some fraud against the government." Moore v. California Institute of Technology Jet Propulsion Laboratory, 275 F.3d 838, 845 (9th Cir. 2002).

The Court addressed Plaintiff's retaliation claim at length in its January 25 Order, finding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

that he had failed to allege facts demonstrating that he was engaged in protected activity "in furtherance of" other efforts to stop violations of the False Claims Act:

> Throughout an otherwise sprawling complaint, Stovall has not alleged the existence of any false claim made upon the United States by Defendants. See, e.g. United States v. Kitsap Physicians Service, 314 F.3d 995, 997 (9th Cir. 2002) ("It seems to be a fairly obvious notion that a False Claims Act suit ought to require a false claim.")  Rather, Plaintiff describes at length a number of problems plaguing Defendants' products, and makes conclusory and often contradictory allegations about an alleged fraud carried on against the government.  Plaintiff does allege, at various times in the complaint, that "Defendants and their clients have knowingly conspired to utilize . . . fraudulent meters on programs funded by both Federal and State government entities," and that "Defendants, through the acts of their officers, agents, and/or employees made false statements to the United States hiding serious design problems of said meters and their refusal to follow statutes and regulations set by the government." (Compl. ¶¶ 25, 74(c)).  In particular, Plaintiff alleges that "Defendants knowingly sold fraudulent water meters to the United States via Federal Programs," and that, by "knowingly design[ing] into said meters 'fraud features' that allow Defendants' clients to facilitate fraud against the government," Defendants constructively made "statements [which] were intended to, and did conceal, avoid, or decrease the obligation to pay or transmit money to the Government."  (Id. ¶ 75(a), (b) and (d)).  Stovall thus posits a sort of accomplice or co-conspirator False Claims Act liability.
>
> Notwithstanding the novelty of Plaintiff's theory[1], he never substantiates these conclusory allegations with actual facts; rather, Stovall merely alleges that McCrometer intentionally misled customers about product specifications, failed to notify existing customers of known product defects, and simultaneously conspired with other customers to defraud the United States.  (Compl. ¶¶ 42, 75(b).)  Stovall has not pleaded facts sufficient for the Court to conclude that he could have "reasonably believed in good faith that [Defendants] [were] attempting to defraud the government in violation of the False Claims Act." Moore, 275 F.3d at 846.  In particular, Stovall

---

[1] The Court doubts that, even if adequately pleaded, the alleged fraudulent scheme would be cognizable under the FCA.  The Ninth Circuit has made clear that the FCA "attaches liability, not to underlying fraudulent activity, but to the 'claim for payment.'"  United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1266 (9th Cir. 1996).  In other words, "[w]hat constitutes the FCA offense is the knowing presentation of a claim that is either fraudulent or simply false." Id. (citing United States ex rel. Hagood v. Sonoma County Water Agency, 929 F.2d 1416, 1421 (9th Cir. 1991)).

Case 2:11-cv-03192-GAF-MAN   Document 67   Filed 05/31/12   Page 6 of 8   Page ID #:597

JS - 6   LINK: 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

> has not alleged the existence of any actual <u>claim</u> made by Defendants to the United States, let alone the existence of any of the alluded to "claims" by third parties. Nor has he pleaded any factual allegations which might substantiate his claim that Defendants and their customers had conspired to defraud the Untied States.
>
> Stovall's conclusory allegations as to the existence of a fraudulent scheme naturally bear on the issue of whether his belief in the existence of that scheme was reasonable. Although the Ninth Circuit has held that only a reasonable belief "that the employer is possibly committing some fraud against the government" is required under § 3730(h), the Court cannot conclude, based on the allegations contained in the complaint, that Stovall maintained such a belief. Accordingly, the Court cannot conclude that Stovall was engaged in protected activity "in furtherance of other efforts to stop 1 or more violations of [the False Claims Act]." 31 U.S.C. § 3730(h). In order to proceed with a retaliation claim under the FCA, Stovall must allege facts sufficient to demonstrate that he had <u>some</u> basis on which to believe that fraudulent activity was afoot.
>
> Defendants' motion is **GRANTED**, and Stovall's fifth cause of action is **DISMISSED with leave to amend**.

(January 25, 2012 Order at 9–11.) In its April 3 Order, the Court found that the allegations contained in Plaintiff's FAC were also insufficient to state a retaliation claim:

> Stovall's amended complaint does not cure any of the deficiencies outlined by the Court's January 25 Order. Plaintiff has still failed to explain how the existence of defects in Defendants' meters led him to "reasonably believe" that a fraud was being perpetrated on the United States. Indeed, Stovall's job was to find these defects, and to report them to his supervisors in the normal course of business. That the company subsequently refused the recall the meters, regardless of that decision's merits, does not give rise to a reasonable inference that it was committing fraud, let alone against the United States. Nor can Plaintiff convert this dispute into a False Claims Act case by gesturing vaguely towards a connection with the federal government. Despite describing some of these defects at length, Plaintiff does not allege any facts which would have caused him to reasonably believe that such defects were being exploited to defraud the United States.
>
> Nor do Stovall's new allegations bridge that gap. Stovall alleges that, although the ARRA contains a "Buy American" provision requiring "that all of the products bought must be made in the United States", Defendant's flow meters are actually

Case 2:11-cv-03192-GAF-MAN Document 67 Filed 05/31/12 Page 7 of 8 Page ID #:598

JS - 6 LINK: 60

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

manufactured in China. (Id. ¶ 22.) As Defendants note, that provision is inapplicable:

> In the case of a manufactured good that consists in whole or in part of materials from another country, [but] has been substantially transformed in the United States into a new and different manufactured good distinct from the materials from which it was transformed. There is no requirement with regard to the origin of components or subcomponents in manufactured goods or products, as long as the manufacture of the goods occurs in the United States.

> 2 C.F.R. § 176.160(a).

> In engaging in protected activity "in furtherance of" efforts to stop violations of the False Claims Act, Plaintiff cannot merely assume, without any further investigation whatsoever, that his employer was violating federal law and defrauding the United States because their products contained a "Made in China" label.

> Because the Court cannot conclude that Stovall was engaged in such protected activity "in furtherance of" other efforts to stop violations of the False Claims Act, the claim must be **DISMISSED**. Plaintiff will have **one additional opportunity to amend** his complaint in order to properly state a claim.

(April 3, 2012 Order at 7–8.)

As noted above, Stovall has now completely removed any reference to the Government from his complaint. Although the SAC contains detailed allegations concerning suspicious activity surrounding the company's water meters, and suspicious behavior by his supervisors in response to being told about such problems, Stovall alleges no facts that connect these allegations to any fraudulent scheme involving the United States government. "Protected activity," as defined by the case law, is that taken in furtherance of other efforts to stop violations of the False Claims Act. That Act's protection does not therefore extend to all activity undertaken by any employee who suspects their employer of nefarious behavior. Because this is all that Plaintiff complains of, he again fails to state a retaliation claim under the Act.

After three attempts to do so, the Court finds it clear that Plaintiff is unable to cure the deficiencies outlined above. Accordingly, the retaliation claim is **DISMISSED with prejudice**.

**C. STATE LAW CAUSES OF ACTION**

JS - 6     **LINK: 60**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-03192 GAF (MANx) | Date | May 31, 2012 |
|---|---|---|---|
| Title | United States et al. v. McCrometer, Inc. et al. | | |

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over state claims if it has dismissed all claims over which it has original jurisdiction. Because Plaintiff has failed to state a plausible federal claim for relief, and because jurisdiction in this case is laid solely on the basis of a federal question, the Court **DISMISSES** the state law claims for lack of subject matter jurisdiction.

## III.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Plaintiff's federal claim for violations of 28 U.S.C. § 3730(h) is **DISMISSED with prejudice**. Plaintiff's state law claims are **DISMISSED** for lack of subject matter jurisdiction. The hearing on this motion presently scheduled for Monday, June 11, 2012 is **VACATED**.

**IT IS SO ORDERED.**